O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEWIS LYNN MITCHELL, | ) | CASE NO. CV 11-06403 SVW (RZ) |
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | HABEAS PETITION AS DISGUISED |
| | ) | AND SUCCESSIVE § 2255 MOTION |
| LINDA SANDERS, Warden, | ) | |
| Respondent. | ) | |

The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition, in addition to facts judicially noticed by the Court, indicate that it is plainly meritless and abusive.  Petitioner asserts challenges to his federal criminal sentence not only (1) that may only be asserted in the sentencing court (the District of Montana) pursuant to 28 U.S.C. § 2255, but also (2) that he already *has* presented, in just such a motion, in the sentencing court – and in the Court of Appeals, repeatedly and unsuccessfully.  His current resort to asserting similar sentencing challenges here, having relabeled them as a putative § 2241 petition, is obviously improper.

/ / /

/ / /

/ / /

# I.

## BACKGROUND

Petitioner Lewis Lynn Mitchell is a federal prisoner housed in Lompoc, in this judicial district.  In 2007, after Petitioner entered a plea of guilty in the District of Montana to methamphetamine-trafficking charges, United States District Judge Sam E. Haddon sentenced Petiioner to 288 months in prison.  *See* docket in *United States v. Mitchell*, No. 4:07-CR-0019-SEH-1 (D. Mont.).  Petitioner appealed, arguing as he does now that his sentence is excessive, but the Ninth Circuit affirmed in 2008.  *See* Memorandum Opinion in *United States v. Mitchell*, No. 07-30291, 295 Fed.Appx. 164 (9th Cir. Sept. 26, 2008), 2008 WL 4428838.

Petitioner then returned to the Montana district court with a § 2255 motion again challenging his sentence.  Judge Haddon denied the motion on August 2, 2010.  *See* docket in *United States v. Mitchell*, No. 4:07-CR-0019-SEH-1 (D. Mont.).  Petitioner sought a certificate of appealability to challenge that ruling, but the district court and the Court of Appeals denied it.

Petitioner then returned to the Court of Appeals, seeking leave to file a second § 2255 motion, as is required by 28 U.S.C. § 2244(b)(3).  The Ninth Circuit denied leave on May 10, 2011.  *See* docket in *Mitchell v. United States*, No. 11-70634 (9th Cir. 2011).

Petitioner now turns to this Court with his sentencing challenge, presenting it under the heading of a § 2241 habeas petition.

# II.

## DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention.  *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]"  In light of this rule, the

statute on its face appears to bar the present action.  Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention."  28 U.S.C. § 2255.  This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision.  *Lorentsen*, 223 F.3d at 953.

Only rarely is § 2255's escape hatch available.  A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits.  *Id*.  Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

---

[1]  Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions.  An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct.501, 133 L.Ed.2d 472 (1995).  *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon.  516 U.S. at 150.  Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm.  The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession.

Here, opening the "escape hatch" is unwarranted.  Petitioner has had not only *an* unobstructed procedural shot at obtaining relief, but he also has had *several additional* such shots after the first one, in both the sentencing court and the Court of Appeals.  The mere fact that Petitioner missed those shots does not render the prior proceedings "inadequate or ineffective" for purposes of allowing a § 2241 "escape hatch" petition.

## III.

## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the District of Montana or the Ninth Circuit.

DATED: February 15, 2012

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

*United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*.  Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions.  A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases.  *See, e.g., Triestman*, *supra*, 1124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court.  A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. § 2255.  (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution.  Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim.  *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)